EMERGENCY PATIENT SERVICES,
INC., Plaintiff-Respondent,

v.

N. Denney CRISP, Defendant-Appellant.

No. KCD 30596.

Missouri Court of Appeals,
Western District.

July 8, 1980.

Norman E. Beal, M. Michael Gill, Hillix, Brewer, Hoffhaus & Whittaker, Kansas City, for defendant-appellant.

Roger W. Penner, Howard D. Lay, Griffin, Dysart, Taylor, Penner & Lay, P. C., Kansas City, for plaintiff-respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

SOMERVILLE, Judge.

This is an appeal by defendant from a bench tried replevin action.

Plaintiff is a corporation. All of its outstanding stock is held by three doctors, one of whom is the defendant, and they comprise its board of directors. Plaintiff's corporate purpose, broadly speaking, is to "operate emergency room departments". Prior to institution of the replevin action, defendant served as secretary of plaintiff's board of directors and also had a "management contract" with plaintiff. Defendant was replaced as secretary of plaintiff's board of directors and the "management contract" was terminated before the replevin action was filed. While the "management contract" was in force, a mobile radio telephone, purchased by and titled in plaintiff's name, was installed in defendant's automobile. Corporate minutes reflecting the aforementioned, showing that title to the mobile radio telephone was to be vested in plaintiff, were certified to by defendant while acting in his capacity as secretary of plaintiff's board of directors. After defendant's "management contract" with plaintiff was terminated, and defendant had been replaced as secretary of plaintiff's board of directors, a demand was made upon defendant for return of the mobile radio telephone. Defendant refused to comply and the replevin action ensued. The trial court found that plaintiff was the owner of the mobile radio telephone, entitled to its immediate possession, and that it was being wrongfully detained by defend-

ant. The trial court also found that the reasonable value of the mobile radio telephone was $3,000.00 and that plaintiff had sustained damages in the amount of $500.00 by reason of its detention. Judgment was entered ordering defendant to return the mobile radio telephone to plaintiff or, at plaintiff's election, that plaintiff have judgment against defendant in the sum and amount of $3,000.00, the value of the property, and, further, judgment was entered in favor of plaintiff and against defendant in the sum and amount of $500.00 as damages for defendant's detention of said property, together with costs. Plaintiff elected to have judgment for the value of the mobile radio telephone in lieu of its return. Rule 99.12.

Defendant raises two points of error on appeal: (1) error on the part of the trial court in refusing to permit defendant to testify as to certain conversations he had with the president of plaintiff-corporation regarding purchase of the mobile radio telephone; and (2) that "the judgment was against the weight of the evidence."

■ Regarding point (1), the trial court, after an objection by plaintiff, refused to permit defendant to testify as to a casual conversation he purportedly had with the president of plaintiff-corporation concerning acquisition of the mobile radio telephone. The matter is presented for review before this court on the basis of an offer of proof made by defendant to the effect that the president of plaintiff-corporation "encouraged and induced" defendant to acquire the mobile radio telephone with the understanding the corporation would pay for it and that defendant did so in reliance thereon. The argument submitted by defendant in support of his first point is far from clear. Legally, it runs the gamut from "admissions" to "non-hearsay" to "estoppel", none of which get to the real marrow of the matter, as it professes to rest on the misconceived notion that defendant was entitled to ownership of the mobile radio telephone as either "compensation" or a "perquisite" of directorship.

The trial court's rejection of the controversial evidence sought to be introduced by defendant was legally justified on any one of a number of grounds.

If the purpose of the offer is viewed as an attempt by defendant to impeach or contradict the corporate minutes of plaintiff which he had certified to as secretary, it flies in the face of the generally accepted principle that a secretary of a corporation is ordinarily estopped to challenge minutes which he has certified. *Charles R. Hedden Co. v. Dozier*, 133 A. 857, 859 (N.J.Eq.1926); *Schmidt v. Paul*, 105 A.2d 118, 121 (Pa. 1954); and 18 C.J.S. Corporations § 19, p. 612.

■ Also, rejection of any evidence purportedly congruent with defendant's contention that he was entitled to ownership of the mobile radio telephone as either "compensation" or a "perquisite" of directorship was eminently justified in view of certain established principles of law applicable to the director-corporate relationship. Since a director occupies a fiduciary relation with a corporation and its stockholders, he may not personally profit by virtue of the relationship at the expense of the corporation and its stockholders. See *Ramacciotti v. Joe Simpkins, Inc.*, 427 S.W.2d 425, 431 (Mo.1968). As stated in *Jorndt v. Reuter Hub & Spoke Co.*, 112 Mo.App., 341, 87 S.W. 29, 30 (1905), "[i]t is certain that, as a general proposition, neither the executive officers nor the directors of an incorporated company have a right to convert its assets to their own use, or give them away, or make any self-serving disposition of them against the interest of the company." Defendant does not contend that the third remaining stockholder consented to his claim of succession to ownership of the mobile radio telephone purchased with corporate funds so as to fall within an exception to the general principle

just stated. See *Jorndt v. Reuter Hub & Spoke Co., supra.* There is neither law nor fact to support defendant's contention that he was entitled to keep the mobile radio telephone as a "perquisite" of directorship. It is also the general rule that directors of a corporation are not entitled to any compensation for performing the usual and ordinary duties pertaining to their office unless compensation is provided for in the charter, authorized by the bylaws, or a resolution of the board of directors, before the services are rendered. *Triplett v. Grundy Electric Cooperative, Inc.*, 389 S.W.2d 401, 406 (Mo. App.1965). There is nothing in the record by way of evidence or offer of proof that title to or perpetual use of the mobile radio telephone vested in defendant as compensation for services to be rendered by him as a director of plaintiff-corporation. The corporate minutes authorizing purchase of the mobile radio telephone, and its use by defendant, do not spell out or suggest that defendant was invested with title or perpetual use of the mobile radio telephone as compensation for his services as a director of plaintiff-corporation. Suffice it to say, neither the charter nor bylaws of plaintiff-corporation were offered or introduced into evidence, nor any corporate minutes claimed to throw light on the subject other than those just mentioned. It is pertinent to bear in mind that prior to the time the replevin action was instituted defendant's "management contract" with plaintiff had been terminated and he had been replaced as secretary of plaintiff's board of directors. Bluntly put, he was no longer actively engaged as an officer or employee of plaintiff-corporation at the time. The aforementioned principles, in light of the evidence and offer of proof, singularly and collectively refute defendant's charge of error associated with the trial judge's evidentiary ruling.[1]

---

1. Defendant did not request the trial court, when the controversial offer of proof was rejected, to "take and report the evidence in full" as provided in Rule 73.01.1(a), nor has he asked this court to order that the proffered evidence, which was rejected by the trial court and not preserved, "be taken by deposition or by reference to a master under Rule 68.03" and returned to this court as provided in Rule 73.01.-3(c). In view of this posture of the record, it is unclear to this court just what relief defendant claims he would have been entitled to in the event this court had determined that the trial court erred in rejecting the controversial evidence.

Defendant's final point (2), that the judgment "was against the weight of the evidence", and the argument tendered in its support, are somewhat hazy. If correctly pierced by this court, defendant apparently argues that he was entitled to retain possession of said mobile radio telephone, even though title thereto may have been vested in plaintiff, because plaintiff had never taken any board action to terminate his right of possession. Plaintiff, in its petition, pleaded that "Plaintiff has made demand for possession of the telephone and equipment and demand for possession has been refused." Defendant admitted this allegation in paragraph one of his answer. Defendant's admission is at war with any present contention centered on an alleged failure on plaintiff's part to terminate defendant's right of possession and will not be countenanced. Moreover, the scope of appellate review of this court tried case is circumscribed by Rule 73.01 as construed in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Murphy* pungently reminds appellate courts that they "should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' *with caution and with a firm belief that the decree or judgment is wrong*." (Emphasis added.) Absent throwing "caution" and "firm belief" to the wind, this court is unable to say that the judgment rendered by the trial court in the instant case was "against the weight of the evidence". Perforce, defendant's final point (2) affords no basis for relief.

Judgment affirmed.

All concur.